UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHU SHEN WU, | : |
|     Plaintiff, | : DOCKET NO.: 23-CV-22985-CPO-EAP |
| | : CIVIL ACTION |
| vs. | : |
| | : **AMENDED COMPLAINT** |
| SHERATON OPERATING CORPORATION | : **AND JURY DEMAND** |
| d/b/a SHERATON ATLANTIC CITY | : |
| COVENTION CENTER HOTEL, MARRIOT | : |
| INTERNATIONAL, INC., HEADQUARTERS | : |
| HOTEL MANAGEMENT, L.L.C., | : |
| HEADQUARTERS HOTEL ASSOCIATES, | : |
| L.P., SCANNAPIECO HOTEL | : |
| DEVELOPMENT CORPORATION, | : |
| SCANNAPIECO HOTEL ASSOCIATES, | : |
| LLP, JOHN DOE 1 – 10 (fictitious Name), | : |
| ABC CORP. 1 – 10 (fictitious Name) and XYZ | : |
| CORP. 1 – 10 (fictitious Name), | : |
| | : |
|     Defendants. | : |

Plaintiff, by and through her attorneys, The Law Offices of Joseph Monaco, P.C., by way of Complaint against the Defendants, states as follows:

## **PARTIES**

1. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

2. Plaintiff Shu Shen Wu is an adult individual and a citizen of the State of New York, who presently resides in Brooklyn, New York.

3. Defendant Sheraton Operating Corporation d/b/a Sheraton Atlantic City Convention Center Hotel is a Delaware corporation with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland and with a registered place for service located

at CT Corporation System, 820 Bear Tavern Road, West Trenton, NJ 08628 (hereinafter "Sheraton").

4. Defendant Marriot International, Inc., is a Delaware corporation with a principal place of business at 10400 Fernwood Road, Bethesda, Maryland and with a registered place for service located at CT Corporation System, 820 Bear Tavern Road, West Trenton, NJ 08628 (hereinafter "Marriot").

5. Defendant Headquarters Hotel Management, L.L.C., is a New Jersey limited liability corporation with a principal place of business at 7750 Wisconsin Avenue, Bethesda, MD, 20814 and with a registered place for service located at CT Corporation System, 820 Bear Tavern Road, West Trenton, NJ 08628 (hereinafter "HHM").

6. Upon information and belief and according to the filings with the State of New Jersey – Department of the Treasury, Boardwalk Regency Corporation, a New Jersey corporation, is a member of HHM.

7. Upon information and belief, the domiciles of all member(s) of HHM are completely diverse from the plaintiff's domicile.

8. Defendant Headquarters Hotel Associates, L.P., is a New Jersey limited partnership with a principal place of business at 502 Walnut Street, Philadelphia, PA, 19106 and with a registered place for service located at 5 Caravel Court, Atlantic City, New Jersey 08401 (hereinafter "HHA").

9. Upon information and belief and according to the filings with the State of New Jersey – Department of the Treasury, the general partner of HHA is co-defendant SHD a New Jersey corporation with a main office located at 502 Walnut St, Philadelphia, PA 19106. The

limited partners are Baltic Investment Company LLC (hereinafter "Baltic") and DTM Atlantic City, Inc. (hereinafter "DTM").

10. Upon information and belief, Baltic's "sole member" is ITT Sheraton Corporation – a Delaware Corporation.

11. Upon information and belief, DTM was an Arizona corporation that was merged into DTM Atlanta/Legacy Inc., an Arizona Corporation. That entity was later merged into DT Real Estate, Inc., an Arizona Corporation, that later converted to DT Real Estate LLC, an Arizona Company with a sole member Doubletree Hotels, LLC, an Arizona limited liability company. Doubletree Hotels, LLC lists Doubletree Corporation, a Delaware corporation, as its sole member.

12. Upon information and belief, the domiciles of all members of HHA are completely diverse from the plaintiff's domicile.

13. Defendant Scannapieco Hotel Associates, L.P. is a New Jersey limited partnership with a principal place of business at 502 Walnut Street, Philadelphia, PA, 19106 and with a registered place for service located at 524 Pacific Avenue, S1, Atlantic City, NJ 08401 (hereinafter "SHA").

14. Upon information and belief and according to the filings with the State of New Jersey – Department of the Treasury, SHA lists the general partner as co-defendant Scannapieco Hotel Development Corporation (hereinafter "SHD") a New Jersey corporation with a main office located at 502 Walnut St, Philadelphia, PA 19106. The limited partners are Thomas & Alycia Scannapieco – Pennsylvania residents.

15. Upon information and belief, the domiciles of all members of SHA are

3

completely diverse from the plaintiff's domicile.

16. Defendant Scannapieco Hotel Development Corporation is a New Jersey Corporation with a principal place of business at 526 Pacific Avenue, Atlantic City, NJ 08401 and with a registered place for service located at 526 Pacific Avenue, Atlantic City, NJ 08401 (hereinafter "SHD").

17. Defendant ABC Corp. 1–10 is a New Jersey corporation, or other business entity, licensed to transact business in the State of New Jersey and who had responsibility for the management of the premises at issue.

18. Defendant XYZ Corp. 1-10 is a New Jersey corporation, or other business entity, licensed to transact business in the State of New Jersey and who had responsibility for maintenance of the doorway of the premises at issue.

19. Defendant John Doe 1 - 10, is an adult individual who performed maintenance, management, repair, design, construction and/or renovation of the doorway of the premises at issue.

## JURISDICTION AND VENUE

20. Plaintiff seeks an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

21. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Among other injuries, the plaintiff sustained a fracture of the left superior pubic ramus.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as a

substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

23. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though each were set forth at length herein.

24. At all times relevant, Defendants owned, maintained, controlled, managed, and/or repaired the building located at 2 Convention Boulevard, Atlantic City, New Jersey 08401, (hereinafter known as '"the Premises.")

25. At all times relevant, Defendants, did own, manage, maintain, control, and/or repaired doorways, upon which Plaintiff Shu Shen Wu became injured.

26. At all times relevant, Defendants, by and through their agents, servants, workmen, contractors and/or employees, jointly and/or severally, were responsible to provide a safe environment for the invitees of the Premises, particularly Plaintiff Shu Shen Wu.

27. At all times relevant, Defendants, by and through their agents, servants, workmen, contractors and/or employees, jointly and/or severally, were responsible to assure that the premises, particularly the doorways, were free of any hazardous and dangerous conditions, in order to avoid injury to invitees of the Premises, particularly Plaintiff Shu Shen Wu.

28. At all times material hereto, Defendants, jointly and/or severally, were acting through their agents, servants' workmen, contractors, employees and/or their actual, apparent, and/or ostensible agents who were authorized and acting within the scope of their authority.

29. At all times relevant, Defendants, jointly and/or severally, were responsible for the actions/inactions of their agents, servants, workmen, contractors and/or employees, and are liable for the acts and omissions of their agents, servants, workmen, contractors and/or employees, as described *infra*, under theories of *respondeat superior,* master- servant, agency, and right of control.

30. On or about December 19, 2019, Plaintiff Shu Shen Wu, was lawfully on Defendant's property as a customer/guest when she encountered a dangerous and defective condition and/or dangerous operation/usage of the revolving doors at the entrance.

31. At the time of the accident, the Defendants' employee, agent and or representative did improperly force and/or push and/or pull the Plaintiff and her baggage through the revolving door in an unsafe and negligent manner resulting in the Plaintiff falling and injuring her body.

32. This accident, on or about December 19, 2021, resulted solely from the negligence and carelessness of Defendants, their authorized agents, contracted agents, servants, workmen and/or employees and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff, Shu Shen Wu.

33. At all times relevant material hereto, Defendants knew or should have known of the dangerous and hazardous condition of the doorway or had actual and/or constructive notice of such hazard.

34. Solely as a result of the aforementioned occurrence, plaintiff has been rendered sick, lame, sore and sustained multiple injuries most significantly to her pelvis. Plaintiff has endured and continues to endure great pain, suffering and/or aggravation.

35. As a further result of this accident, Plaintiff has been and/or will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or incur expenses for the injury she has suffered; and she may be obliged to continue to expend such sums for a period of time in the future, perhaps permanently.

36. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses which do or may exceed the amounts, which Plaintiff may otherwise be entitled to recover under contract or in accordance with the law.

37. As an additional result of the accident aforesaid, Plaintiff has suffered injuries which are or may be permanent in nature and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to daily duties, and activities, which will continue for an indefinite time in the future, all to her great and continuing detriment and loss.

## COUNT I

38. The allegations contained in the preceding paragraphs are incorporated herein.

39. Defendants, by and through its owners, managers, agents, supervisors, servants, workmen and/or employees, knew, or should have known, of the dangerous and hazardous condition that existed on Defendants' property through reasonable and usual inspection of said Premises.

40. Defendants, by and through its owners, agents, managers, supervisors, servants, workmen and/or employees, had actual knowledge that its property was being used by the Plaintiff, as well as other guests, business invitees and licensees, and, further, had

actual knowledge that the premises was in such condition as to create an unreasonable risk of death and/or serious bodily harm which condition would not be apparent to those persons using said property.

41. Defendants, by and through its owners, agents, managers, supervisor, servants, workmen and/or employees, failed to guard or warn those persons lawfully upon their Premises against the dangerous condition, use, structure and/or activity.

42. At all times material hereto, Defendants, by and through its owners, agents, supervisors, servants, workmen and/or employees, owed the highest duty of care to Plaintiff and others to assure that reasonable care had been taken to warning of known hazards, generally exercising reasonable care, to protect the users thereon, one of whom was Plaintiff.

43. At all times material hereto, Defendants, by and through its owners, agents, supervisors, servants, workmen and/or employees, had a general duty to pedestrians, guests, visitors and/or invitees to use reasonable care to keep the premises safe and to guard or warn the guests/pedestrians/visitors/invitees from any hidden danger or defect that would be or could be discovered using due care and presents a reasonably foreseeable risk of harm.

44. At all times material hereto, Defendants had a duty to Plaintiff to safely and properly allow her to traverse and/or use the revolving door without unexpected and sudden exertion of force unto the door, her person and/or baggage.

45. The accident and resulting injuries sustained by Plaintiff were caused solely by the negligence, carelessness, and gross negligence of Defendants, by and through their owners, agents, servants, workmen and/or employees, and was in no

manner caused by any act or failure to act on the part of Plaintiff.

46. Defendants, by and through its owners, agents, supervisors, servants, workmen and/or employees, knew of the dangers within its premises and failed to inspect, failed to repair, failed to alleviate, or remove the danger, and consciously and deliberately failed to warn Plaintiff of the extremely hazardous condition.

47. Defendants, by and through is owners, agents, supervisors, servants, workmen and/or employees, knew that its property contained a hidden, dangerous, and defective condition in that the Premises on the property had not been inspected and/or repaired regularly and Defendant failed to repair the dangerous conditions of which it was aware.

48. Defendants failed to provide in the contracts between Defendants, themselves, their agents, servants, workmen, employees, contractor and/or sub-contractors that each would take adequate and proper precautions to protect those lawfully on the Premises from being injured by such careless and negligent acts as herein alleged.

49. Defendant were further negligent in that it entrusted its premises to persons and/or corporations and/or other entities or associations which Defendants knew or should have known would act in a negligent and careless manner as described in this Complaint.

50. Defendants further negligently and recklessly selected its agents, property managers, maintenance personnel, inspectors, employees, workmen and/or supervisors and were further negligent in the hiring and employing negligent and incompetent agents, porters, baggage handlers, doormen, waitstaff, property managers, maintenance personnel, inspectors,

agents, servants, workmen, employees and/or sub-contractors that Defendants knew or should have known were not competent and who could not properly perform their job duties.

51. At the aforesaid time and place, Defendants, by and through its owners, agents, supervisors, managers, servants, workmen and/or employees, were negligent in the failure to make reasonable inspection of said Premises on a regular, daily basis; failure to have the Premises properly maintained and cared for in an effort to prevent safety hazards; failure to warn its users of hidden dangers or defects that could present a hazard to those lawfully on its Premises; failure to use reasonable care to keep its Premises safe and hazard-free from hidden dangers and defects that a normal person may not recognize or would not be readily apparent to a layperson; and, breaching their duties under the *Restatement of Torts 2d.*

52. By reason of the aforesaid negligence of Defendants, by and through its owners, supervisors, managers, agents, servants, workmen and/or employees, Plaintiff, Shu Shen Wu, suffered severe and substantial personal injuries, and has been and in the future will be caused to undergo great pain and suffering, mental anguish and anxiety; has been and in the future will be prevented from pursuing her usual duties and activities; and, has and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure her injuries.

## **COUNT II**

53. Repeat and reallege the allegations contained in the preceding paragraphs are incorporated herein.

54. At all times herein mentioned, the plaintiff, was an individual that was a business invitee, guest of the Defendants and/or lawfully present at the subject location.

55. While on the premises and attempting to use the subject revolving door, the plaintiff and/or her baggage were pushed, shoved, pulled, and/or otherwise inappropriate and negligently moved in a manner that was not invited/requested by the plaintiff by and individual that was an employee, agent and/or representative of the Defendants.

56. At all times herein mentioned, the subject was acting within the scope and authority of his/her employment, on behalf of the Defendants.

57. The Defendants, through their employee, agent and/or representative did commit an assault and battery upon the person of the plaintiff and caused her to fall and otherwise caused her great fear and apprehension, as well as bodily injuries.

58. By reason of the aforesaid negligence of Defendants, by and through its owners, supervisors, managers, agents, servants, workmen and/or employees, Plaintiff, Shu Shen Wu, suffered severe and substantial personal injuries, and has been and in the future will be caused to undergo great pain and suffering, mental anguish and anxiety; has been and in the future will be prevented from pursuing her usual duties and activities; and, has and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her injuries.

**WHEREFORE**, Plaintiff, Shue Shen Wu, demands judgment in her favor and against, Defendant, Sheraton Operating Corporation d/b/a Sheraton Atlantic City Convention Center Hotel, Defendant, Marriot International, Inc., Defendant, Headquarters Hotel Management, L.L.C., Defendant, Headquarters Hotel Associates, L.P., Defendant, Scannapieco Hotel Associates, L.P., Defendant, Scannapieco Hotel Development Corporation, Defendant, ABC Corp. 1–10, Defendant, XYZ Corp. 1-10, and Defendant, John Doe 1 – 10,

jointly, severally and/or singularly, in a monetary sum far exceeding the jurisdictional limitations of this Court (including, but not limited to, the minimum monetary prerequisite for diversity jurisdiction) as follows:

(a) on the First Count, compensatory damages, together with interest, costs and disbursements as provided by law;

(b) on the Second Count, compensatory damages, together with interest, costs and disbursements as provided by law;

Plaintiff demands a trial by jury on all counts.

Dated: Oradell, New Jersey
December 27, 2023

Respectfully submitted;

**THE LAW OFFICES OF
JOSEPH MONACO**

By: *Joseph D. Monaco III*
JOSEPH D. MONACO (JDM-7862)
Attorneys for Plaintiff
800 Kinderkamack Road, Suite 202 South
Oradell, New Jersey 07649
201-210-8546
jmonaco@monaco-law.com