Vito A. Pinto, Esq.
Brendan A. Gilmartin, Esq.
WADE CLARK MULCAHY LLP
955 S. Springfield Avenue, Suite 100
Springfield, New Jersey 07081
(973) 258-1700
Attorneys for Defendants: Headquarters Hotel Associates, L.P. & Sheraton Operating LLC
Our File No.: 451.15995

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHU SHEN WU, | Civil Action No. 1:23-cv-22985 |
| Plaintiff, | |
| vs. | *Answer to the Amended Complaint and Jury Demand* |
| SHERATON OPERATING LLC, MARRIOT INTERNATIONAL, INC., HEADQUARTERS HOTEL MANAGEMENT, L.L.C., HEADQUARTERS HOTEL ASSOCIATES, L.P., SCANNAPIECO HOTEL DEVELOPMENT CORPORATION, SCANNAPIECO HOTEL ASSOCIATES, LLP, JOHN DOE 1-10 (fictitious Name), ABC Corp. 1-10 (fictitious Name) and XYZ Corp. 1-10 (fictitious Name), | |
| Defendants. | |

Defendants, Headquarters Hotel Associates, L.P. & Sheraton Operating LLC ("Answering Defendants"), by and through their attorneys WADE CLARK MULCAHY LLP, as and for their answer to plaintiff's Amended Complaint, respectfully say:

**PARTIES**

1. The allegations in the first paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed. However, to the extent a response to

these allegations is needed, the Answering Defendants expressly deny any and all allegations.

2. The allegations in the second paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed. However, to the extent a response to these allegations is needed, the Answering Defendants expressly deny any and all allegations.

3. The Answering Defendants deny the allegations in the third paragraph of the Amended Complaint. The proper address for Sheraton Operating LLC is 7750 Wisconsin Ave., Bethesda Maryland.

4. The allegations in the fourth paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed, and the Answering Defendants leave Plaintiff to her proofs.

5. The allegations in the fifth paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed, and the Answering Defendants leave Plaintiff to her proofs.

6. The allegations in the sixth paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed, and the Answering Defendants leave Plaintiff to her proofs.

7. The allegations in paragraph seven of the Amended Complaint contain a legal conclusion to which no response is required.

8. The Answering Defendants admit the allegations in the eighth paragraph of the Amended Complaint.

9. The Answering Defendants admit the allegations in the ninth paragraph of the Amended Complaint solely to the extent that Scannapieco Hotel Development Corporation is a partner of Headquarters Hotel Associates, L.P. and the addresses listed for Scannapieco Hotel Development

Corporation are correct. The Answering Defendants deny the remainder of the allegations in the ninth paragraph of the Amended Complaint. The Answering Defendants refer Plaintiff to their Rule 7.1 disclosure.

10. The Answering Defendants deny the allegations in the tenth paragraph of the Amended Complaint.

11. The Answering Defendants deny the allegations in the eleventh paragraph of the Amended Complaint.

12. The allegations in paragraph twelve of the Amended Complaint contain a legal conclusion to which no response is required.

13. The allegations in the thirteenth paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed, and the Answering Defendants leave Plaintiff to her proofs.

14. The allegations in the fourteenth paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed, and the Answering Defendants leave Plaintiff to her proofs.

15. The allegations in fifteenth paragraph of the Amended Complaint contain a legal conclusion to which no response is required.

16. The allegations in the sixteenth paragraph of the Amended Complaint do not relate to the Answering Defendants and therefore no response is needed, and the Answering Defendants leave Plaintiff to her proofs.

17. The allegations in the seventeenth paragraph of the Amended Complaint are not directed at the Answering Defendants and therefore do not require a response, and the Answering Defendants leaves Plaintiff to her proofs. To the extent the allegations in the seventeenth paragraph

of the Amended Complaint can be construed to be directed at the Answering Defendants, the Answering Defendants deny those allegations.

18. The allegations in the eighteenth paragraph of the Amended Complaint are not directed at the Answering Defendants and therefore do not require a response, and the Answering Defendants leaves Plaintiff to her proofs. To the extent the allegations in the eighteenth paragraph of the Amended Complaint can be construed to be directed at the Answering Defendants, the Answering Defendants deny those allegations.

19. The allegations in the nineteenth paragraph of the Amended Complaint are not directed at the Answering Defendants and therefore do not require a response, and the Answering Defendants leaves Plaintiff to her proofs. To the extent the allegations in the nineteenth paragraph of the Amended Complaint can be construed to be directed at the Answering Defendants, the Answering Defendants deny those allegations.

## JURISDICTION AND VENUE

20. The allegations in the twentieth paragraph of the Amended Complaint are not directed at the Answering Defendants and therefore do not require a response, and the Answering Defendants leaves Plaintiff to her proofs. To the extent the allegations in the twentieth paragraph of the Amended Complaint can be construed to be directed at the Answering Defendants, the Answering Defendants deny those allegations.

21. The allegations in the twenty-first paragraph of the Amended Complaint are not directed at the Answering Defendants and/or contain a legal conclusion and therefore do not require a response, and the Answering Defendants leaves Plaintiff to her proofs. To the extent the allegations in the twenty-first paragraph of the Amended Complaint can be construed to be directed at the Answering Defendants, the Answering Defendants deny those allegations.

22. The allegations in the twenty-second paragraph of the Amended Complaint contain a legal conclusion and therefore do not require a response. To the extent a response is required, the Answering Defendants deny that venue is proper in this judicial district.

## FACTUAL BACKGROUND

23. The Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as though each were set forth at length herein.

24. The Answering Defendants deny the allegations in the twenty-fourth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the twenty-fourth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

25. The Answering Defendants deny the allegations in the twenty-fifth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the twenty-fifth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

26. The Answering Defendants deny the allegations in the twenty-sixth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the twenty-sixth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

27. The Answering Defendants deny the allegations in the twenty-seventh paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the twenty-seventh paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

28. The Answering Defendants deny the allegations in the twenty-eighth paragraph of the

Amended Complaint to the extent they are directed at them. To the extent the allegations in the twenty-eighth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

29. The Answering Defendants deny the allegations in the twenty-ninth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the twenty-ninth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

30. The Answering Defendants deny the allegations in the thirtieth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the thirtieth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

31. The Answering Defendants deny the allegations in the thirty-first paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the thirty-first paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

32. The Answering Defendants deny the allegations in the thirty-second paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the thirty-second paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

33. The Answering Defendants deny the allegations in the thirty-third paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the thirty-third paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

34. The Answering Defendants deny the allegations in the thirty-fourth paragraph of the Amended Complaint.

35. The Answering Defendants deny the allegations in the thirty-fifth paragraph of the Amended Complaint.

36. The Answering Defendants deny the allegations in the thirty-sixth paragraph of the Amended Complaint.

37. The Answering Defendants deny the allegations in the thirty-seventh paragraph of the Amended Complaint.

## FIRST COUNT

38. The Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as though each were set forth at length herein.

39. The Answering Defendants deny the allegations in the thirty-ninth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the thirty-ninth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

40. The Answering Defendants deny the allegations in the fortieth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the fortieth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

41. The Answering Defendants deny the allegations in the forty-first paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-first paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

42. The Answering Defendants deny the allegations in the forty-second paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-second paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

43. The Answering Defendants deny the allegations in the forty-third paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-third paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

44. The Answering Defendants deny the allegations in the forty-fourth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-fourth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

45. The Answering Defendants deny the allegations in the forty-fifth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-fifth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

46. The Answering Defendants deny the allegations in the forty-sixth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-sixth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

47. The Answering Defendants deny the allegations in the forty-seventh paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-seventh paragraph of the Amended Complaint are directed at co-defendants, the Answering

Defendants leave Plaintiff to her proofs.

48. The Answering Defendants deny the allegations in the forty-eighth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-eighth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

49. The Answering Defendants deny the allegations in the forty-ninth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the forty-ninth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

50. The Answering Defendants deny the allegations in the fiftieth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the fiftieth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

51. The Answering Defendants deny the allegations in the fifty-first paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the fifty-first paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

52. The Answering Defendants deny the allegations in the fifty-second paragraph of the Amended Complaint.

## SECOND COUNT

53. The Answering Defendants hereby incorporate by reference the preceding paragraphs of this Answer as though each were set forth at length herein.

54. The Answering Defendants deny the allegations in the fifty-fourth paragraph of the

Amended Complaint.

55. The Answering Defendants deny the allegations in the fifty-fifth paragraph of the Amended Complaint.

56. The Answering Defendants deny the allegations in the fifty-sixth paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the fifty-sixth paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

57. The Answering Defendants deny the allegations in the fifty-seventh paragraph of the Amended Complaint to the extent they are directed at them. To the extent the allegations in the fifty-seventh paragraph of the Amended Complaint are directed at co-defendants, the Answering Defendants leave Plaintiff to her proofs.

58. The Answering Defendants deny the allegations in the fifty-eighth paragraph of the Amended Complaint.

## ANSWER TO CROSS-CLAIMS

Answering defendants deny each and every allegation in the crossclaims for indemnification and contribution which have been or may be asserted in the answers of the co-defendants or third-party defendants.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### *SECOND AFFIRMATIVE DEFENSE*

The Answering Defendants were not guilty of any negligence.

### *THIRD AFFIRMATIVE DEFENSE*

Any injury, damage or loss sustained by Plaintiff was the result of the negligence of other third parties and/or unnamed entities over which the Answering Defendants had no control.

## FOURTH AFFIRMATIVE DEFENSE

The injuries or damages sustained by Plaintiff, if any, were not caused by any act or omission of the Answering Defendants.

## FIFTH AFFIMRATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by Plaintiff's failure to mitigate her claimed damages.

## SIXTH AFFIRMATIVE DEFENSE

The within action is barred or limited in accordance with the provisions of the Comparative Negligence Act and N.J.S.A. 2A:15-5.1, *et. seq.*

## SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendants are only liable for the percentage of negligence, if any, found against them pursuant to N.J.S.A. 2A:15-5.3.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable probability, be replaced or indemnified in whole or in part from collateral sources. Consequently, any award made to Plaintiff shall be reduced in accordance with the provisions of N.J.S.A. 2A:15-97.

### NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the Answering Defendants have complied with all applicable laws, regulations, and standards, and has otherwise conducted themselves reasonably under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

The Answering Defendants claim credit for all collateral sources from which Plaintiff has or shall receive benefits, pursuant to N.J.S.A. § 59:9-2(e).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, and the Complaint against the Answering Defendants should be dismissed based on the assumption of the risk.

### TWELFTH AFFIRMATIVE DEFENSE

This Court lacks the requisite subject matter jurisdiction to hear this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, and unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery should be reduced as she has failed to mitigate her damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by public policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have lost, altered or destroyed evidence that forms the basis for her claims. Accordingly, Plaintiff's claims are barred or reduced by her spoliation of relevant evidence.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

At all times relevant hereto, Defendants have complied with all applicable regulations, laws, and standards, and have otherwise conducted themselves reasonably under the circumstances.

### *NINETEENTH AFFIRMATIVE DEFENSE*

Defendants deny that Plaintiff suffered any losses or damages; in any event, any losses or damages sustained by Plaintiff is speculative, and/or transient, and hence are not cognizable at law.

### *TWENTIETH AFFIRMATIVE DEFENSE*

The Complaint is barred by the doctrines of release and accord and satisfaction.

### *TWENTY-FIRSTAFFIRMATIVE DEFENSE*

Any award of punitive damages to Plaintiff based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

Defendants incorporate by reference any and all additional affirmative defenses that may be required by common law, rule, order or statute.

### **RESERVATION OF RIGHTS**

Answering Defendants have insufficient knowledge or information as to whether it may have additional yet unstated defenses available. Therefore, Answering Defendants hereby expressly reserves the right to assert additional defenses and/or claims as this action continues.

## CROSSCLAIMS

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION

Answering Defendants, by way of claim for indemnification against co-defendants JOHN DOES 1-10, A.B.C. COMPANIES INC. 1-10, and XYZ Corp. 1-10, being fictitious and unknown corporations and/or business entities, says:

Answering Defendants hereby demands contribution for any judgment or judgments rendered against them by virtue of the Joint Tortfeasors Contribution Law of the State of New Jersey and/or the Comparative Negligence Law of the State of New Jersey.

## AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION

Answering Defendants, by way of claim for indemnification against co-defendants JOHN DOES 1-10, A.B.C. COMPANIES INC. 1-10, and XYZ Corp. 1-10, being fictitious and unknown corporations and/or business entities, says:

That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendants. their agents, servants and/or employees, and not by this answering defendant, and if any judgment is recovered by plaintiff against thess Answering defendants, such defendants will be damaged thereby, and co-defendants are or will be responsible therefore in whole or in part.

**WHEREFORE**, Answering Defendants demand complete common law and/or contractual indemnification from JOHN DOES 1-10, A.B.C. COMPANIES INC. 1-10, and XYZ Corp. 1-10, being fictitious and unknown corporations and/or business entities, for any and all judgments rendered against it, in addition to any and all reasonable attorneys' fees and costs incurred by Defendants in defending against the allegations set forth by the plaintiff.

## REQUEST FOR ALLOCATION OF DAMAGES

Defendants assert that if any co-defendant settles this matter prior to the conclusion of the trial, the liability of any settling co-defendant shall remain an issue and this defendant shall seek an allocation of percentage of negligence by the finder of fact against such settling co-defendant and/or a credit in favor of these defendants consistent with such allocation.

## REQUEST FOR STATEMENT OF DAMAGES

You are requested and required to furnish to the undersigned, within five (5) days, a written statement of the amount of damages claimed in this action.

## DESIGNATION OF TRIAL COUNSEL

Vito A. Pinto, Esq. is hereby designated as trial counsel for the defendant.

## JURY DEMAND

Answering Defendants hereby demand a trial by jury as to all issues.

Dated: Springfield, New Jersey
March 26, 2024

WADE CLARK MULCAHY LLP

BY: /s/ Vito A. Pinto
Vito A. Pinto, Esq.
955 S. Springfield Ave, Suite 100
Springfield, New Jersey 0781
Tel: (973) 258-1700
Fax: (973) 258-1708
Email: vpinto@wcmlaw.com
*Attorneys for Defendants:*
Headquarters Hotel Associates, L.P. & Sheraton Operating LLC